UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAILA. L. HLASS *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> *Defendant.* | Civil Action No. 21-2200 (TSC) |

## ANSWER

Defendant U.S. Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiffs Laila L. Hlass and The Door – A Center of Alternatives.[1]

Defendant expressly denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

### NATURE OF THE ACTION[2]

1. Paragraph 1 represents Plaintiffs' characterization of this action, to which no response is required.

---

[1] To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

[2] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2. Defendant admits that a FOIA request was submitted by Plaintiffs on April 21, 2021. Plaintiffs' request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced request and denies any allegation inconsistent with the request's plain language, meaning, or context. Defendant lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 2.

3. Defendant admits that a request for expedition for the FOIA request was submitted by Plaintiffs. Plaintiffs' request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced request and denies any allegation inconsistent with the request's plain language, meaning, or context. Defendant denies the remaining allegations in paragraph 3.

4. This paragraph represents Plaintiffs' conclusions of law, to which no response is required. If a response is required, Defendant denies.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has subject matter jurisdiction under the Freedom of Information Act ("FOIA), as limited by the relief available under the FOIA.

6. Defendant admits that this Court has the authority to declare a declaratory judgment.

7. Defendant admits that venue is appropriate in the District of Columbia.

## PARTIES

8. Defendant lacks sufficient information to admit or deny the allegations in paragraph 8.

9. Defendant lacks sufficient information to admit or deny the allegations in paragraph 9.

10. Defendant admits that United States Citizenship and Information Services is a component agency of the Department of Homeland Security ("DHS"), which is an agency of the United States. The remainder of the allegations in paragraph 10 constitute legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### *Plaintiff's FOIA Request*

11. Defendant admits that a FOIA request was submitted by Plaintiffs on April 21, 2021. Plaintiffs' request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced request and denies any allegation inconsistent with the request's plain language, meaning, or context.

12. This paragraph represents Plaintiffs' characterization of the request. Plaintiffs' request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced request and denies any allegation inconsistent with the request's plain language, meaning, or context.

13. This paragraph represents Plaintiffs' characterization of the request. Plaintiffs' request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced request and denies any allegation inconsistent with the request's plain language, meaning, or context.

14. This paragraph represents Plaintiffs' characterization of the request. Plaintiffs' request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced request and denies any allegation inconsistent with the request's plain language, meaning, or context.

15. Defendant admits that it confirmed receipt of Plaintiffs' request by letter dated April 21, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced letter and denies any allegation inconsistent with the letter's plain language, meaning, or context. Defendant denies the last sentence of paragraph 15 as a conclusion of law.

16. This paragraph represents Plaintiffs' characterization of the April 21 letter. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced request and denies any allegation inconsistent with the request's plain language, meaning, or context.

17. Denied.

## APPLICABLE LAW

18. The allegations in paragraph 18 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

19. The allegations in paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

20. The allegations in paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

21. The allegations in paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

22. The allegations in paragraph 22 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

23. The allegations in paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

24. The allegations in paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

25. The allegations in paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

26. The allegations in paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## STATEMENT OF CLAIMS
### Count I

27. Defendant incorporates each of the foregoing paragraphs of this Answer.

28. This paragraph represents Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent paragraph 28 contains any allegations of fact, Defendant denies.

29. This paragraph represents Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent paragraph 29 contains any allegations of fact, Defendant denies.

30. This paragraph represents Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent paragraph 30 contains any allegations of fact, Defendant denies.

### COUNT II

31. Defendant incorporates each of the foregoing paragraphs of this Answer.

32. This paragraph represents Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent paragraph 32 contains any allegations of fact, Defendant denies.

33. This paragraph represents Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent paragraph 33 contains any allegations of fact, Defendant denies.

34. This paragraph represents Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent paragraph 34 contains any allegations of fact, Defendant denies.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint set forth Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.

## FIRST DEFENSE

Some or all of the records may be exempt, in full or in part, from release under the FOIA, including the exemptions set forth therein.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiffs are not entitled to injunctive relief, declaratory relief, mandamus, attorneys' fees, costs of suit, or any damages whatsoever.

Dated: September 22, 2021
Washington, D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:  */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States*