UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LAILA L. HLASS**<br>**TULANE UNIVERSITY LAW SCHOOL**<br>6329 Freret Street, Suite 216-E<br>New Orleans, LA 70118<br><br>**THE DOOR – A CENTER OF ALTERNATIVES**<br>121 Avenue of the Americas<br>New York, NY 10013<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>20 Massachusetts Ave N.W.<br>Washington, D.C. 20529<br><br>*Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 21-2200 (TSC) |

## JOINT STATUS REPORT

1.      Pursuant to the Court's Minute Order dated September 23, 2021 ("Minute Order"), Plaintiffs and Defendant respectfully submit the following joint status report to the Court.

2.      On April 21, 2021, Plaintiffs filed the Request[1] seeking from the Defendant, on an expedited basis, information about Special Immigrant Juvenile Status ("SIJS") adjudications. *See* Ex. A. to Complaint, (ECF Do. No. 1). In the Response dated April 21, 2021, Defendant confirmed receipt of the Request, but denied Plaintiffs' request for expedited processing. *See* Ex. B. to Complaint, (ECF Do. No. 1).

---

[1] Terms not defined herein have the same meaning as used in the Complaint, (ECF Do. No. 1).

3. On August 17, 2021, Plaintiffs filed the Complaint against Defendant, requesting judicial review of Defendant's denial of expedited processing, and an order for Defendant to timely respond to the Request. (ECF Do. No. 1).

4. On September 15, 2021, Defendant delivered to Plaintiffs an initial production of two data sets that were partially responsive to Plaintiffs' Request ("Initial Production"). On September 22, 2021, Defendant filed its Answer to Plaintiffs' Complaint. (ECF Do. No. 7).

5. On September 30, 2021, Plaintiffs acknowledged, in an email to Defendant's counsel, receipt of Defendant's Initial Production.  Plaintiffs, however, raised concerns regarding the content of Defendant's Initial Production. Specifically, the Initial Production only produced a subset of data entries from 2014 to April 2021, whereas the Request requested all data entries from 2014 to the date the data was pulled by Defendants.  Further, Plaintiffs' Request requested certain fields to be included in Defendant's production but which were not included in the Initial Production.  For example, the Initial Production of data for I-360 applications did not include a data field specifying whether an SIJS applicant was in removal proceedings, even though this is one of the questions asked on an I-360 form.  Accordingly, Plaintiffs noted that they were not satisfied with the incomplete production of data.

6. On October 15, 2021, Plaintiffs and Defendant met and conferred telephonically regarding Plaintiffs' list of concerns with the Initial Production.  In that teleconference, Defendant, through its counsel, provided responses to some of the Plaintiffs' request for clarification and agreed to research additional items. Defendant further noted that it would provide a new data set

addressing the items identified by Plaintiffs, including the most recently available data through October 15, 2021.

7.      On October 22, 2021, Plaintiffs identified to Defendant one additional concern regarding the data in the Initial Production. In particular, the Initial Production of I-485 data provided only 6 records of SIJS applications for Fiscal Year ("FY") 2014, and 35 records of SIJS applications for FY 2015, whereas publicly available information suggests that number of SIJS applications for these fiscal years was far greater.

8.      In an email dated October 29, 2021, Defendant provided additional explanations and noted that Defendant anticipated making a new production of data sets addressing Plaintiffs' concerns by the beginning of November. In a subsequent email of the same day, Defendant provided further responses to Plaintiffs' list of issues and clarified that Defendant anticipated being able to make a new production of data likely by mid-November. Defendant followed up with an additional email on November 2, 2021 in which Defendant provided a further response to Plaintiffs' list of issues.

9.      On November 4, 2021, Plaintiffs noted via email that they were not satisfied with Defendant's explanation regarding the paucity of data produced, and asked Defendant to check whether Defendant's search parameters were inadvertently restricting search parameters. Plaintiffs also noted that Defendant's explanation regarding its inability to produce data on whether an applicant was in removal proceedings for I-360 applications was not correct as a matter of law, and asked Defendant to recheck if data on whether an applicant was in removal proceedings was indeed available. Defendant is working to provide additional information to Plaintiffs regarding their concerns with the data and productions received by Defendants. Defendant also notes that at the request of Plaintiffs, and in the interest of resolving this litigation without the need for further

proceedings, Defendant is conducting a supplemental search and will provide Plaintiffs with the results of that supplemental search within the next few weeks.

## **PROPOSED SCHEDULE**

10.     Defendant anticipates that it will produce by late-November 2021 two data sets in response to Plaintiffs' request which addresses the issues raised by Plaintiffs with the Initial Production.

11.     The parties do not anticipate that a motion for an Open America stay is likely in this case, nor do the parties anticipate that a Vaughn index will be required at this time.

12.     Based on the foregoing, the parties propose that they file an additional joint status report with the Court by December 2, 2021 after Defendant has made its anticipated additional release of records in response to Plaintiffs' FOIA request.  In that subsequent joint status report, the parties will advise the Court whether and when either party anticipates filing a dispositive motion, as well as any other pertinent issues requiring judicial resolution.

Dated: November 5, 2021

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States*

**MILBANK LLP**

By: /s/ *Aaron Renenger*
Aaron L. Renenger Bar ID # 489481
Stephen Benz Bar ID # 1619567
1850 K Street NW, Suite 1100
Washington, D.C. 20006
Telephone:  202-835-7500
Email:  arenenger@milbank.com;
            sbenz1@milbank.com.

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAILA L. HLASS**<br>**TULANE UNIVERSITY LAW SCHOOL**<br>6329 Freret Street, Suite 216-E<br>New Orleans, LA 70118<br><br>**THE DOOR – A CENTER OF ALTERNATIVES**<br>121 Avenue of the Americas<br>New York, NY 10013<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>20 Massachusetts Ave N.W.<br>Washington, D.C. 20529<br><br>*Defendant.* | Civil Action No. 21-2200 (TSC) |

## **[PROPOSED] ORDER**

In light of the parties' joint status report, it is ORDERED that the parties will file another status report by December 2, 2021, noting whether and when either party anticipates filing a dispositive motion, and any disagreement that requires judicial resolution.

SO ORDERED.

_____                              _____
Date                                                                                                        Tanya S. Chutkan
                                                                                                                  United States District Judge

6